# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| HOWARD S. JONES, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 11-2809 |
| | : | |
| MICHAEL CURLEY, et al., | : | |
| Respondents. | : | |
| | : | |

Perkin, M.J.

## REPORT AND RECOMMENDATION

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Howard S. Jones ("Petitioner"), pursuant to 28 U.S.C. section 2254. Petitioner is currently incarcerated in SCI Cresson. For the reasons that follow, it is recommended that the Petition for Writ of Habeas Corpus should be denied with prejudice and dismissed without an evidentiary hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND.[1]

On October 2, 2006, Petitioner entered a *pro se* negotiated guilty plea before Senior Judge William T. Nicholas of the Court of Common Pleas of Montgomery County to one count of possession of cocaine with intent to deliver, one count of conspiracy to possess cocaine with intent to deliver, and one count of aggravated harassment by a prisoner.[2] The same day, Judge Nicholas sentenced Petitioner to six (6) to twelve (12) years imprisonment for his

---

[1] This information is taken from documents found in the state court record, the Petition for Writ of Habeas Corpus, the Response to the Petition, and the exhibits attached to those documents.

[2] The court appointed the Public Defender as stand-by counsel to represent Petitioner at his guilty plea colloquy. N.T., 10/02/06, pp. 7-8.

possession with intent to deliver conviction to be served concurrently with his sentence of six (6) to twelve (12) years imprisonment on his criminal conspiracy to possess cocaine with intent to deliver conviction. The concurrent sentences for criminal conspiracy and possession with intent to deliver were to run consecutively with Petitioner's federal sentence which Petitioner was then serving. Petitioner also was sentenced to twenty-one (21) to forty-two (42) months imprisonment for his conviction for aggravated harassment by a prisoner, such sentence to run concurrently with his sentence for possession with intent to deliver. At the time he entered his state guilty plea, Petitioner was serving a one hundred and twenty (120) month federal sentence imposed on April 6, 2006 following a May 20, 2004 federal conviction.[3]

       In accordance with the terms of Petitioner's plea agreement with the Commonwealth, Judge Nicholas directed that Petitioner's state sentence should be served consecutively to his federal sentence. Judge Nicholas also directed that Petitioner was to receive credit on his state sentence for April 10, 2003 to November 19, 2003, when Petitioner was incarcerated in Montgomery County prior to being transferred back to federal custody.

       On January 11, 2008, the Honorable John R. Padova of this Court vacated Petitioner's federal sentence and directed re-sentencing on the federal convictions because the terms of Petitioner's federal plea agreement required sentencing on his federal convictions *after* resolution of the charges against Petitioner in Montgomery County. Judge Padova held that the federal plea agreement was breached when Petitioner was sentenced in federal court on April 6, 2006, nearly six months prior to Petitioner's October 2, 2006 state court sentencing. Judge

---

[3] Petitioner pled guilty to federal charges for possession of marijuana with intent to deliver, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.

Padova further held that Petitioner should be re-sentenced on his federal convictions after resolution of the Montgomery County charges. See United States v. Jones, Crim.A. No. 04-0004, Civ.A. No. 07-0812, 2008 WL 141914 (E.D. Pa. Jan.11, 2008).

On February 25, 2008, Petitioner filed a *pro se* motion to enjoin enforcement of his October 2, 2006 guilty plea.[4] Judge Nicholas denied the motion to enjoin on March 4, 2008. Petitioner filed a *pro se* motion for recusal directed to Judge Nicholas on March 28, 2008.[5] Judge Nicholas denied the motion on April 1, 2008. On April 24, 2008, the Clerk of Court docketed an undated *pro se* appeal of Judge Nicholas' April 1, 2008 order, which bears a handwritten note in the bottom left corner of the first page stating "docket as case correspondence already addressed on 4/1/08 sent defendant a copy of Judge's Order."

On June 12, 2008, the Honorable Berle M. Schiller of this Court re-sentenced Petitioner to eighty-four (84) months imprisonment on his federal convictions with credit for time served, which effectively reduced Petitioner's original federal sentence by three (3) years. Petitioner completed his federal sentence on June 15, 2009, and he was immediately remanded to state custody to serve his state sentence.

On November 30, 2009,[6] Petitioner sent another letter to Judge Nicholas requesting a copy of the Judge's opinion regarding Petitioner's *pro se* motion to enjoin enforcement of judgment. On December 15, 2009, the Montgomery County Clerk of Courts

---

[4] Petitioner dated the motion on February 25, 2008 and it was time stamped as received by the Montgomery County Clerk of Courts on February 27, 2008.

[5] Petitioner dated the motion on March 28, 2008 and it was time stamped as received by the Montgomery County Clerk of Courts on April 1, 2008.

[6] This correspondence was docketed by the Montgomery County Clerk of Courts on December 10, 2009.

docketed a pro se application for relief which was denied by Judge Nicholas on December 22, 2009 because it was previously denied by his order dated March 4, 2008.

On January 25, 2010, Petitioner filed a *pro se* motion in the state court for time credit and corrected commitment, seeking credit on his state sentence for the period between January 10, 2008 (when Petitioner contended that his federal sentence was vacated and the transfer request back to state court was made)[7] and June 15, 2009 (when Petitioner was returned to state custody to serve his state sentence). This motion was treated as a habeas corpus petition. Petitioner contended that his state sentence began to run when Judge Padova vacated his federal sentence because his plea agreement with the Commonwealth did not contemplate his state sentence running consecutively to a re-sentencing on his federal convictions. The Commonwealth responded on March 1, 2010. Judge Nicholas denied the motion for time credit on March 3, 2010. On March 15, 2010, Petitioner filed a *pro se* motion for reconsideration in which he contended that his state sentence must be treated as commencing on the date of Judge Padova's order because the sentence imposed at his June 12, 2008 re-sentencing by Judge Schiller "is not the same sentence" that was in effect at the time when he pled guilty before Judge Nicholas. Judge Nicholas denied Petitioner's motion for reconsideration on March 19, 2010.

On April 12, 2010, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania purportedly from Judge Nicholas' order of "the 29th day of March 2010." Judge Nicholas never entered an order on that date, however, and believed that Petitioner intended to appeal from either the March 3, 2010 order denying the motion for time credit or the March 19, 2010 order denying Petitioner's motion for reconsideration. Judge Nicholas nevertheless

---

[7] Judge Padova's opinion is dated January 11, 2008, not January 10, 2008.

considered the notice of appeal to the Superior Court as timely because he noted that Petitioner expressed his desire to appeal from the March 3, 2010 order within the body of his March 15, 2010 motion for reconsideration.

On appeal, Petitioner claimed that his state sentence began to run from the date of Judge Padova's order vacating his federal sentence and he was thus entitled to time credit on the state court sentence for the period between Judge Padova's January 11, 2008 order and termination of his federal sentence on June 15, 2009. Judge Nicholas found that Petitioner's claim was without merit and wrote for the benefit of the Superior Court the following:

> As defendant himself has consistently acknowledged, defendant's plea agreement with the Commonwealth called for defendant's state sentence to be served consecutively to his federal sentence. Although it is true that Judge Padova's order of January 11, 2008 vacated defendant's federal sentence, that order did not overturn defendant's federal *convictions*. The order, indeed, specifically directed that defendant was to be *resentenced* on those very same convictions, and defendant remained in federal custody pending that resentencing. Defendant's insistence that the sentence imposed by Judge Schiller on June 12, 2008 "is not the same sentence" that Judge Padova vacated is purely semantic. The sentence imposed by Judge Schiller was for precisely the same criminal convictions as the sentence vacated by Judge Padova. Defendant ultimately finished his sentence on his federal convictions on June 15, 2009, and it was at *this* point that he began serving his state sentence.
> We note again that the purpose of Judge Padova's order of January 11, 2008 was simply to afford the defendant the benefit of the provision of his federal plea bargain requiring that he be sentenced on his federal convictions *after* resolution of his Montgomery County charges. Defendant received this benefit when Judge Schiller resentenced him on June 12, 2008 and reduced the federal sentence initially imposed by three (3) years. Judge Padova's order in no way impacted defendant's plea agreement with the Commonwealth concerning defendant's Montgomery County charges *or* the sentence imposed by the undersigned pursuant to that plea agreement. Before the undersigned, defendant explicitly agreed that his sentence on his Montgomery County convictions would be served consecutively to his federal sentence. Defendant has received the benefit of that bargain. Defendant's federal sentence expired on June 15, 2009, and defendant began serving his state sentence at that time. Defendant is not entitled to any time credit for the period between Judge Padova's order of June 11,

2008 and the termination of his federal sentence on June 15, 2009 because defendant was *serving his federal sentence* during that time.

Resp., Ex. A, pp. 4-5; Commonwealth v. Jones, Nos. 3949-03, 5022-03 (CCP Montgomery June 9, 2010). On appeal, the Superior Court affirmed the sentencing court. The Superior Court specifically stated:

> Although his *pro se* brief is difficult to follow, the gist of his complaint reflected therein and in his motion is that he is entitled to time credit for his state sentence from January 1, 2008, to June 15, 2009, because, per his state plea agreement, his state sentence was to begin following the end of his federal sentence and, according to Appellant, that federal sentence ended on January 11, 2008, when it was vacated.
> We first look at the nature of the underlying action. Appellant's motion, filed nearly four years after the imposition of the state sentence, begs characterization for multiple considerations including jurisdiction, timeliness, appealability and method of review. Although Appellant provides no authority for filing such a motion, we believe it was properly considered by the sentencing court. Appellant argues an erroneous computation of his sentence arguably attributable to an ambiguity in the sentence imposed by the sentencing court; on that basis, he is permitted to file a writ of habeas corpus as subjiciendum for clarification and/or correction of the sentence imposed. **Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989).
> Accordingly, we will treat his motion as such, and we review it as follows:
>
>> Our standard of review of a trial court's order denying . . . a petition for writ of habeas corpus is limited to abuse of discretion. Thus, we may reverse the court's order only where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.
>
> **Commonwealth v. Bowman**, 840 A.2d 311, 313 (Pa. Super. 2003)(quotation marks and citations omitted).
> The sentencing court, upon consideration of Appellant's motion, found:
>
>> [Appellant's] insistence that the sentence imposed . . . on June 12, 2008 "is not the same sentence" [as] that [that was] vacated is purely semantic. The sentence imposed . . . was for precisely the same criminal convictions as the sentence vacated . . . .[Appellant]

> ultimately finished his sentence on his federal convictions on June 15, 2009, and it was at *this* point that he began serving his state sentence.

Trial Court Opinion, 06/09/10, at 5 (emphasis in original).

The sentencing court also found that Appellant could not receive state credit for time during which he was serving his federal sentence.

We find no abuse of discretion in the sentencing court's denial of Appellant's motion. Appellant's claim that he did not receive the benefit of his state plea bargain may have some initial appeal; however, an examination of his stated understanding of the plea agreement at the time he entered into it reveals the following, which belies any limited appeal.
The sentencing court explained to Appellant:

> So whenever the federal authorities release you, having served that sentence, you would be turned over to the state sentence. Do you understand that?

N.T., 10/02/06, at 11.

Appellant replied that he did. *Id.*

Appellant was thus aware that his state sentence would begin upon his release from federal custody. That release did not occur until June 15, 2009, at which point he did begin serving his state sentence.

Further, Appellant does not seek to be re-sentenced to a lesser term based on the alleged breach of the state plea agreement; rather, he seeks to have time credit applied to his state sentence. However, he provides no authority which would permit him to receive both state and federal credit for the same time. He has thus failed to persuade us that he is entitled to relief.

Resp., Ex. B, pp. 2-4 (footnote omitted); Commonwealth v. Jones, No. 1096 EDA 2010 (Pa. Super. Feb. 25, 2011).

Petitioner executed his pro se federal Petition for Writ of Habeas Corpus on April 15, 2011, and it was filed with the Clerk of Court on April 27, 2011. Pursuant to the prison mailbox rule, April 15, 2011 is considered the date of filing. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner gave petition to prison officials to mail). On May 11, 2011, the Honorable James Knoll Gardner referred the Petition for preparation of a

Report and Recommendation.

Petitioner seeks relief in this Court for the following:

1) The Commonwealth and its agents or representatives (Kevin Steele & Det. George Mood) employed outrageous law enforcement investigative techniques in violation of your Petitioner's Pennsylvania and United States Constitutional rights, by way of government interference and fraud upon the Court, designed to deny your Petitioner of his Constitutional right to a speedy trial, governed by your Petitioner's 6th Amendment and 14th Amendment rights to equal protection and due process of law;

2) The state court error [sic] so that your Petitioner was not asked if Petitioner's appeal to the Superior Court of Pennsylvania, that your Petitioner didn't seek to receive the benefit of his state plea bargain or the re-sentence base on the alleged breach of the state plea agreement;

3) Conviction obtained by plea of guilty which was unlawfully induced or not voluntarily with understanding of the nature of the charge and consequence of the plea;

4) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure (no full and fair hearin[g] on the merits of the claims);

5) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest (no full an[d] fair hearing provided).

(Pet., pp. 9-10.) Respondents contend that this Petition should be dismissed because it is time-barred. In addition, although they initially contend that the Petition is time-barred, Respondents also examine the merits of the claims in the Petition and contend that because Petitioner's federal sentence was amended and he received credit toward that sentence, he is not entitled to receive that credit a second time for time served toward his state sentence.

## II. DISCUSSION.

### A. Whether the Petition is Time-Barred.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996. Pub.L. 104-132, 110 Stat. 1214. Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244, to require that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date of the AEDPA to properly file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

In this case, Petitioner's judgment of sentence became final on November 1, 2006, thirty days after he was sentenced, upon expiration of Petitioner's time for filing a direct appeal. See Pa. R.A.P. 903 (allowing thirty days to appeal an order of the trial court); 28 U.S.C. § 2244(d)(1)(A). Under the one-year grace period under the AEDPA, Petitioner's deadline to file a timely federal habeas petition became November 1, 2007. The instant Petition was filed on April 15, 2011, over four years after the deadline.

The AEDPA's one-year statute of limitation is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). This petition

must be dismissed unless Petitioner can establish that statutory tolling, equitable tolling, or an alternate start date for the running of the statute of limitation exists in this case.

1.  Statutory Tolling.

The limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). Petitioner's one-year time period for filing the instant Petition began on November 1, 2006. He filed no PCRA or other petition for collateral review which would statutorily toll the time period before November 1, 2007, his deadline for filing a federal petition. Thus, the instant Petition cannot benefit from statutory tolling.

2.  Equitable Tolling.

The United States Supreme Court has recently stated, "like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)(citations omitted). Accordingly, this Court will examine whether the AEDPA statute of limitations should be equitably tolled. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citation omitted). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable

10

neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The Supreme Court has stated that a petitioner is entitled to equitable tolling only if he shows (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418, 125 S.Ct. at 1807)(internal quotations omitted). The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)). A habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence. Pace, 544 U.S. at 418; Cooper v. Price, 82 F. App'x. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto, 159 F. Supp.2d 39, 45 (E.D. Pa. 2001)(Van Antwerpen, J.). In Holland, the Supreme Court held that an attorney's gross negligence can constitute grounds for equitable tolling under the right circumstances, specifically where the petitioner demonstrates due diligence despite his attorney's conduct. 130 S.Ct. at 2564-65.

Petitioner does not allege any circumstances to justify equitable tolling. In

11

determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004)(citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief)). It is Petitioner's burden to show that he acted with reasonable diligence and that the extraordinary circumstances caused his federal Petition to be untimely. Id.

A reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in federal court. Petitioner does not allege any steps that he took to timely file the instant federal Petition. Petitioner offers no explanation for his delay before bringing these claims to federal court. Due to Petitioner's inaction in timely exercising his rights regarding filing a petition in *this* Court, equitable tolling does not apply in this case to render the instant Petition timely. See Pace, 544 U.S. at 418-19.

**B.      Whether There Is An Alternative Start Time for the Petition.**

Section 2244(d) creates a strict one-year time limit for filing new petitions and provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such state action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1). Petitioner has not alleged any alternate start date for the statute of limitations pursuant to section 2244(d)(1)(D) in this Court.

    **C.**    **Conclusion**.

The instant Petition is time-barred. Neither statutory nor equitable tolling apply to render the Petition timely, and the Petition must, therefore, be denied.[8]

## III. CERTIFICATE OF APPEALABILITY.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred. It is statutorily barred, and equitable tolling does not apply to render this Petition timely.

For all of the above reasons, I make the following:

---

[8] Our review of the arguments submitted by Petitioner and the Respondents indicates that no additional or alternative analysis is necessary because the instant Petition is time-barred.

## **RECOMMENDATION**

AND NOW, this  7th  day of July, 2011, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file Objections to this Report and Recommendation. <u>See</u> Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge