```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HOWARD S. JONES, JR.,                 )
                                      )
              Petitioner              )   Civil Action
                                      )   No. 11-cv-02809
       vs.                            )
                                      )
                                      )
MICHAEL CURLEY,                       )
THE DISTRICT ATTORNEY OF THE          )
   COUNTY OF MONTGOMERY COUNTY        )
   PENNSYLVANIA; and                  )
THE ATTORNEY GENERAL OF THE           )
   [COMMONWEALTH] OF PENNSYLVANIA,    )
                                      )
              Respondents             )
```

**O R D E R**

NOW, this 2nd day of May, 2014, upon consideration of the following documents:

    (1) Petition for Writ of Habeas Corpus by a Person in State Custody (Form [Petition] for Use in Applications for Habeas Corpus Under 28 U.S.C. § 2254), which petition was filed April 27, 2011 ("Petition"); together with

        (A) Memorandum of Law in Support of Habeas Corpus Petition;

    (2) Response by Michael Curley, et al, to Defendant's Petition for Writ of Habeas Corpus, which response to petition was filed June 30, 2011;

    (3) Report and Recommendation of United States Magistrate Judge Henry S. Perkin filed July 7, 2011 ("R&R");

    (4) Petitioner's Reply to Commonwealth's Time Bar Defense, which reply was filed October 3, 2011; and

    (5) Application for Relief Amending Objections to Magistrate's Report and Recommendations,

("Objections"), which application was filed December 18, 2011,

it appearing after review of this matter that the Report and Recommendation of Magistrate Judge Perkin correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Perkin are overruled.[1]

---

[1] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Petitioner is incarcerated at Muskegon Correctional Facility in Muskegon, Michigan, where he is serving a sentence of not less than 6 years, nor more than 10 years, imprisonment imposed by the Court of Common Pleas of Montgomery County, Pennsylvania.  Petitioner received that sentence after he entered pleas of guilty to one count of possession of cocaine with intent to deliver, one count of conspiracy to possess cocaine with intent to deliver, and one count of aggravated harassment by a prisoner.  When he was sentenced in the Court of Common Pleas of Montgomery County, Pennsylvania, petitioner was serving a 120-month federal sentence imposed on April 6, 2006 following a May 20, 2004 federal conviction.

On June 12, 2008, United States District Judge Berle M. Schiller resentenced petitioner to 84-months imprisonment on his federal convictions.  Petitioner completed his federal sentence on June 15, 2009 and he was immediately remanded to state custody to serve his state sentence.  The

(Footnote 1 continued):

---

(Continuation of footnote 1):

factual and procedural history underlying petitioner's request for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-8, and is incorporated here.

      Petitioner raises two objections to the Report and Recommendation of Magistrate Judge Perkin attacking the conclusion reached by Magistrate Judge Perkin that the within Petition is time-barred and that plaintiff is not entitled to equitable tolling to cure the late filing.  (Objections at pages 7-10.)

      As his first objection, petitioner contends that the Commonwealth waived the Time-Bar defense when it did not assert it in response to petitioner's first PCRA action.  (Objections at 7-8).

      Section 2244(d)(1) of Title 28 of United States Code provides that "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The United States Supreme Court in Day v. McDonough, held that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition".  Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376, 387 (2006). Therefore, I am permitted to consider the timeliness of petitioner's habeas petition regardless of whether time bar defense was asserted or not. Accordingly, petitioner's objection to Magistrate Judge Perkin's consideration of whether the petition is time-barred is overruled.

      Petitioner's second objection attacks the conclusion reached by Magistrate Judge Rice and contends that petitioner is entitled to equitable tolling of the federal limitations period.  Specifically, petitioner contends that because his prior counsel were all ineffective he is entitled to equitable tolling under Commonwealth v. Bennett, 593 Pa. 382, 930 A.2d 1264, (2007).  In Bennett, the Pennsylvania Supreme Court held that where petitioner's counsel abandoned him for the purposes of his first PCRA by failing to file an appellate brief after petitioner requested an appeal and where petitioner could prove the "existence of facts were unknown to him and that he could not uncover them with the exercise of due diligence.", such conduct entitled petitioner to equitable-tolling.  Commonwealth v. Bennett, 593 Pa. 382, 399, 930 A.2d 1264, 1274 (2007).

      A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130, 149 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2005)).  As clearly and accurately explained here by Magistrate Judge Perkin, petitioner has neither demonstrated that he has been pursuing his rights diligently, nor that extraordinary circumstances stood in his way and prevented timely filing. Accordingly, petitioner's objection to Magistrate Judge Perkin's conclusion that petitioner is not entitled to equitable tolling is overruled.

      (Footnote 1 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Perkin is approved and adopted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed with prejudice as untimely, without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

Therefore, I approve and adopt Magistrate Judge Perkin's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation. Moreover, because petitioner has not met statutory requirements to have his case heard and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).